Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000081
11-DEC-2013
08:45 AM

NO. CAAP-13-0000081

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
PHILIP HOWARD ZIMMERMAN, also known as Howard Philip Zimmerman,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 11-1-172K)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Philip Howard Zimmerman (Zimmerman) pleaded guilty to one count of Murder in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-701.5(1) (1993), one count of Kidnapping in violation of HRS § 707-720(1)(d) and (e) (Supp. 2012), and one count of Criminal Property Damage in the Second Degree in violation of HRS § 708-821(1)(b) (Supp. 2012).[1] On December 11, 2012, the Circuit Court of the Third Circuit (Circuit Court)[2] sentenced Zimmerman to make restitution, pay court fees, and serve the following terms of incarceration: Life with the possibility of parole for Murder in the Second Degree, twenty years for Kidnapping, and five years for Criminal Property Damage, with the sentence for Kidnapping to be served consecutively to the Murder and Criminal Property Damage sentences.

---

[1]     Zimmerman was also charged with one count of Terroristic Threatening in the First Degree in violation of HRS § 707-716 (Supp. 2010).

[2]     The Honorable Ronald Ibarra presided at the December 11, 2012 sentencing proceeding. The Judgment was entered on December 26, 2012.

On appeal, Zimmerman argues a single main point: that the Circuit Court "abused its discretion in sentencing [him] to consecutive terms of imprisonment when it relied on the uncharged crimes contained in [his] e-mails to [the victim]." After a careful review of the record, the issues raised and arguments made by the parties as well as the applicable legal authorities, we resolve Zimmerman's point on appeal as follows and affirm.

The sentence imposed by the trial court is reviewed for plain and manifest abuse of its broad discretion. State v. Pecpec, 127 Hawai'i 20, 32, 276 P.3d 589, 601 (2012). HRS § 706-606 (1993)[3] lists factors that "[t]he court, in determining the particular sentence to be imposed, shall consider[.]" The Hawai'i Supreme Court has held that "the legislative sentencing philosophy permeating HRS ch. 706 in general and HRS § 706-606 in particular dictates that consecutive prison sentences, pursuant to HRS § 706-668.5 [(1993 and Supp. 2012)],[4] may properly be

_____

[3]    §706-606 **Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:

(1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    The need for the sentence imposed:

(a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

(b)    To afford adequate deterrence to criminal conduct;

(c)    To protect the public from further crimes of the defendant; and

(d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    The kinds of sentences available; and

(4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

[4]    §706-668.5 **Multiple sentence of imprisonment.** (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different

(continued...)

imposed only to achieve retributive, incapacitative, and deterrent objectives." State v. Gaylord, 78 Hawai'i 127, 154, 890 P.2d 1167, 1194 (1995). It is also well-settled that "a sentencing court may consider any and all accurate information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed." Keawe v. State, 79 Hawai'i 281, 286, 901 P.2d 481, 486 (1995). Furthermore, "the scope of a sentencing judge's inquiry into a defendant's background is very broad and limitations on the kind and/or source of information the court may consider are not lightly imposed." Id. (citation and emphasis omitted). We conclude that Zimmerman has failed to demonstrate that the Circuit Court abused its discretion in imposing consecutive sentences.

Zimmerman specifically objects to the consideration of a November 17, 2010 email to the victim and others.[5] In that

---

[4](...continued)
> times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.
>
> (2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

[5]     On August 31, 2012, Zimmerman filed a Motion to Exclude Records from Consideration at Sentencing. The subject records, Exhibits A-L, were sealed by stipulation and included, as pertinent to this appeal, the threatening emails sent by Zimmerman to the victim. The Circuit Court denied the motion with regard to "Exhibit G, Exhibit K, pp. 002864-002914, and Exhibit L," granted it with regard to all other exhibits, and ordered that the prosecution provide the unexcluded exhibits to "Probation." Portions of the email were included in Zimmerman's pre-sentence report (PSI). Exhibit G appears to be part of the Hawai'i Police Department's application for a search warrant in its investigation of this case, "Exhibit K pp. 002864-002914" appears to be a petition for a protective order filed by the victim in this case against Zimmerman dated November 17, 2010, and Exhibit L appears to be a protective order against Zimmerman and in favor of Zimmerman's ex-wife, Amy Zimmerman, and issued on December 10, 2009. Although Zimmerman repeatedly refers to "emails," he quotes from only one, which was one of many included in the supporting documentation for the petition for protective order. As Zimmerman provides no arguments with respect to the rest of these exhibits, we conclude he has waived them. Hawai'i Rules of Appellate Procedure, Rule 28(b)(7).

email, which he sent to nineteen other email addresses, he
demeans and threatens to kill the victim ("I will rip your throat
out") and also attached explicit photographs of the victim to
humiliate her.  It is undisputed that the Circuit Court
considered the email in making its sentencing decision.[6]  At the

---

[6]     The Circuit Court mentions the email in the following underscored
passages.

> Applying the factors in 706-606, the Court finds as
> follows:
>
> The nature and circumstances of the offense and the
> history and characteristics of the defendant:  The
> characteristics of the defendant as between the victim in
> this case might be termed horrendous.  The defendant's
> actions prior to the incident itself indicated the state of
> mind under which he acted. This is evidenced by the emails,
> the name callings.  So as to the relationship between the
> defendant and the victim, the Court has considered the
> circumstances and the history.
>
> Number two, the seriousness of the offense, to promote
> respect for the law, and to provide just punishment for the
> offense:  As stated, there's nothing that can minimize how
> horrific this crime is.  Even the defense stated all murders
> are heinous and horrible.  But in this particular case, what
> makes this case stand out from the general murders -- and as
> I said, all murders are heinous and horrible.  But this is
> especially heinous, cold-hearted, especially when the
> defendant continued to beat the victim to death while the
> victim was pleading for help and that others outside were
> knocking on the door.  He continued to beat her.
>
> Number three, adequate deterrence to commit criminal
> conduct:  As the prosecutor stated and the record reflects,
> basically the defendant, although he expressed remorse after
> the incident, he said, "They overserved me.  She hit me
> first."  And certainly the punishment should be adequate to
> deter this type of criminal act regarding relationships, and
> there is no excuse.  And I've heard the defendant's argument
> that basically he was under medication.  But frankly, as the
> Court stated, the relationship before the incident occurred
> is also critical in how the defendant viewed the victim.
>
> To protect the public from further crimes of the
> defendant:  Again his relationship with the victim, his
> emails, it seems as if the defendant was building up to this
> incident of murder by his prior emails, by calling the
> victim names.  And also the emails that he sent appears to
> show no respect for the law.
>
> Number five, to provide the defendant with needed
> educational or vocational training, medical care, or other
> correctional treatment in the most effective manner:  He is
> a computer technician.  He's educated.  He was in therapy.
> He had a job.  He had a place to live.  Whatever treatment
> he needs, he can get in a correctional facility.

(continued...)

same time, taking the Circuit Court's remarks in context, it is clear that the email was considered in determining "[t]he nature and circumstances of the offense and the history and characteristics of the defendant" under HRS § 706-606(1) and the need "[t]o protect the public from further crimes of the defendant" under HRS § 706-606(2)(c). The Circuit Court noted that the email reflected on the relationship between Zimmerman and the victim, that the situation between them seemed to be escalating, and that the threats and other content of the email

---

[6](...continued)

Number six, the kinds of sentences available: Regarding whether the defendant should be sentenced to concurrent or consecutive prison, the Court has examined 706-606(1) and (2)(a) through (d).

Number seven, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct: The state cites State v. Smith, State v. Loa. And while these cases do not pertain to murder, nevertheless the principles of the consecutive sentence applies, and that is the need for protection of the public, the seriousness of the offense, and all of the factors in 706-606.

As stated then by the defense counsel, distinguishing these cases from this case, the Court would agree. This case is much more heinous, much more cold-blooded, much more heartless, callous. Even one of the responders, the hotel workers, as stated in the PSI, is still suffering from distress having witnessed this incident at least through the sounds, having seen the victim call for help and die.

So as to the charge of Murder in the Second Degree, the Court has considered the factors in 706-606, 706-668.5(2), the case law. It is the judgment and sentence of this Court that you be committed to the custody of the director of the Department of Public Safety for life with the possibility of parole for the offense of Murder in the Second Degree.

As to Kidnapping, it is the judgment and sentence of this Court that you be committed to the custody of the director of the Department of Public Safety for an indeterminate period of twenty years to run consecutive to Murder in the Second Degree.

As to Criminal Property Damage in the Second Degree, it is the judgment and sentence of this Court that you be committed to the custody of the director of the Department of Public Safety for an indeterminate period of five years to run concurrent with the Kidnapping and the Murder, for a total years of imprisonment of life with the possibility of parole plus twenty years.

(Emphasis added.)

showed Zimmerman's lack of respect for the law. These topics were relevant to the factors the Circuit Court was required to consider under HRS § 707-606 and therefore were properly considered during sentencing.

We also note that the Circuit Court identified a number of other factors justifying the consecutive sentences, including that Zimmerman's conduct was "especially heinous, cold-hearted, especially when [Zimmerman] continued to beat the victim to death while the victim was pleading for help and that others outside were knocking on the door[;]" and that Zimmerman tried to blame others and his medication for his conduct.

Zimmerman argues that the acts reflected in the email constituted an "uncharged crime" and analogizes to State v. Nunes, 72 Haw. 521, 525, 824 P.2d 837, 840 (1992).[7] Zimmerman's contention is that because he "was never charged with those crimes, the trial court abused its discretion when it relied on those crimes in fashioning its sentence."

Zimmerman's argument is without merit. Zimmerman does not dispute that he wrote and sent the email to the victim and others, distinguishing this case from those where the uncharged misconduct was in question. See State v. Vellina, 106 Hawai'i 441, 449-50, 106 P.3d 364, 372-73 (2005) (imposition of consecutive terms of imprisonment based on an unsubstantiated allegation that the defendant sold the stolen firearm to a drug dealer for drugs was error); State v. Koch, 107 Hawai'i 215, 225, 112 P.3d 69, 79 (2005) (mandatory minimum sentence based on the circuit court's assumption that defendant had engaged in unlawful conduct of which he had been expressly acquitted was error).

More importantly, the Circuit Court's comments make clear that it was not the criminality of Zimmerman's conduct that it focused on, but how his conduct illuminated the abusive nature

---

[7]     Zimmerman describes the email as satisfying the definition of terroristic threatening under HRS § 707-715(1) (1993) and extortion under HRS § 707-764(2) (Supp. 2012).

of the relationship between Zimmerman and his victim well before the murder was committed.

Therefore, the Judgment of the Circuit Court of the Third Circuit entered on December 26, 2012, is affirmed.

DATED: Honolulu, Hawai'i, December 11, 2013.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge